# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

Asheville Division

Cedric Jones

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Walmart DC 6070

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:24 CV 00012 - MR - WCM

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

FILED
ASHEVILLE, NC

JAN 17 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name Cedric Jones
Street Address 230 London Rd
City and County Lawndale, Cleveland
State and Zip Code North Carolina, 28090
Telephone Number 704-477-9693
E-mail Address Knowledge2021@yahoo.com

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Defendant No. 1

Name  Walmart DC 6070

Job or Title *(if known)*

Street Address  200 Walmart Dr

City and County  Shelby, Cleveland

State and Zip Code  North Carolina, 28150

Telephone Number  704-487-2500

E-mail Address *(if known)*


Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*


Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*


Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

Name    Walmart DC 6070
Street Address    200 Walmart Dr
City and County    Shelby , Cleveland
State and Zip Code    North Carolina, 28150
Telephone Number    704-487-2500

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*: Retaliation, Harassment, and Individual with disability

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☒    Other acts *(specify)*: Harassment and Hostile work environment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

# July 29, 2023

C.    I believe that defendant(s) *(check one)*:

☒    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race

☒    color

☒    gender/sex

☒    religion

☐    national origin

☐    age *(year of birth)*                    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows. Attach additional pages if needed.

Case 1:24-cv-00012-MR-WCM    Document 1    Filed 01/17/24    Page 4 of 16

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 430-2023-00531 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Cedric Jones | (704) 477-9693 | |

Street Address

230 LONDON RD

LAWNDALE, NC 28090

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| WALMART DC 6070 | 501+ Employees | (704) 487-2500 |

Street Address

200 WAL MART DR

SHELBY, NC 28150

| Name | No. Employees, Members | Phone No |
|---|---|---|
| | | |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Race, Retaliation | 11/01/2021 | 08/12/2022 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)).

March 11, 2019, I began employment with the named employer. From early on in my employment, a Caucasian coworker purposely used microaggressions to antagonize me. He also solicited his Caucasian friends to do the same. They would do things like stand in the aisle, not moving, as I tried to get by on a forklift. If one of them was on a forklift, they would continuously drive by real close to me without any warning. Over the years, I reported the harassment several times. However, on July 29, 2022, a manager prevented me from using the open-door policy to report the ongoing harassment. This resulted in the harassers becoming more aggressive and threatening the same day. A verbal altercation occurred. I was suspended without pay for two-weeks. I was discharged on August 12, 2022, as a result of the incident. The Caucasian coworker who made threats and was the aggressor was not discharged.

I was subjected to race, African American, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *Cedric B Jones* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date 2-09-2023    Charging Party Signature | |

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*    **11-15-2023**

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Relief *Attachment

I, Cedric Jones, ask the court to order the Defendant to pay $250,000 for the emotional, physical, and spiritual stress I suffered through and after my employment. even when I've constantly reported life threatening incidents when heavy machinery so that the chain of command of management (at both jobs) could address and stop it so that I can feel safe and just do my job. Damages, After finding out my new current employment, Walmart associates influenced their friends to harm me at my current job were I'm currently suffering frostbite injuries, placed on extreme restrictions to stay in the house out of the cold and have been out of work healing while on worker's comp.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1 - 16 - 2024

Signature of Plaintiff  *Cedric Jones*

Printed Name of Plaintiff  Cedric Jones

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street Suite 400
Charlotte, NC 28202
Free: (833) 827-2920
ASL: (844) 234-5122
FAX: (704) 344-6734
Website:

12/14/2023

VIA: knowledge2021@yahoo.com

Cedric Jones
230 London Rd
Lawndale, NC 28090

Re:     FOIA No.: 430-2024-002419
        Cedric Jones v. Walmart DC 6070
        Charge No.: 430-2023-00531

Dear Mr. Jones:

Your Freedom of Information Act (FOIA) request, received on 11/15/2023, is processed. Our search began on 11/15/2023. All agency records in creation as of 11/15/2023 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[ ]     Your request is granted.

[ ]     Your request is denied:

    [ ]     based on exemptions pursuant to the subsections of the FOIA;

    [ ]     as it does not reasonably describe the records you wish disclosed;

    [ ]     as no records fitting the description of the records you seek disclosed exist or could be located after a thorough search.

[X]     Your request is granted in part and denied in part. Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter.

[ ]     A fee of $ 0 is charged. Charges for manual search and review services are assessed according to the personnel category of the person conducting the search a. Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour. Direct cost is charged for computer search and in certain other circumstances. Photocopying is .15 per page. 29 C.F.R. §1610.15. The fee(s) charged is computed as follows:

    [ ]     Commercial use request: [ ] pages of photocopying; [ ] quarter hour(s) of [ ] review time; and [ ] quarter hour(s) of [ ] search time. Direct costs are billed in the amount of [ ] for [ ];

    [ ]     Educational or noncommercial scientific institution or a representative of the news media request: [ ] pages of photocopying. The first 100 pages are provided free of charge; and

    [ ]     All other requests: [ ] pages of photocopying and [ ] quarter hour(s) of search time. Direct costs are billed in the amount of [ ] for [ ]. The first 100 pages and the first two hours of search time are provided free of charge.

        Please submit payment of $ 0 by either:

      (1) Credit card at **pay.gov.** Visa, MasterCard, American Express and      Discover credit cards are accepted. Debit cards bearing the Visa or MasterCard logo are also accepted. We will finish processing your request after EEOC receives a copy of your pay.gov credit or debit card receipt or

      (2) Check, payable to the United States Treasurer, to the address above.

[X ]    The disclosed records are **NOT** enclosed. An email notification will be sent to you when your documents are available for download. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ]    The disclosed records are enclosed. Photocopying and search fees have been waived pursuant to 29 C.F.R. § 1610.14.

[X ]    I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[X]    You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

    The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at          ; telephone at (202) 741-5770; toll free 1-877-684-6448.

    The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to        , telephone at (202) 921-2542; or fax at (202) 827-7545.

[X]    If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to       ; online at       , or fax at (202) 827-7545. Your appeal will be governed by 29 C.F.R. § 1610.11.

[X ]    See the comments below.

                Sincerely,

                ss//*Elizabeth A. Rader*
                Elizabeth Rader
                District Director
                charfoia@eeoc.gov

430-2024-002419

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:**

[ ] (b)(3)(A)(i)                    [ ] (b)(6)
    [ ] § 706(b)               [ X ] (b)(7)(A)
    [ ] § 709(e)               [X ] (b)(7)(C)
    [ ] § 107 of the ADA       [ ] (b)(7)(D)
    [ ] § 207 of the GINA      [ ] (b)(7)(E)
[ ] (b)(4)                          [ ] (b)(7)(F)
[ **X** ] (b)(5)


**(b)(5)**

Exemption (b)(5) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F. Supp. 2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998). Disclosure of preliminary assessments and opinions would create a chilling effect on the Commission staff's ability to freely and openly deliberate and discuss ideas, strategies, and recommendations, thereby impairing the Commission's ability to effectively and efficiently enforce applicable federal EEO laws by investigating charges and complaints, litigating and adjudicating cases, promulgating regulatory and sub-regulatory guidance, conducting outreach and education activities, and other related activities. Records may be withheld under this exemption if they were prepared prior to an agency's decision, Wolfe v. Dep't of Health and Human Services, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. First Eastern Corp. v. Mainwaring, 21 F.3d 465,468 (D.C. Cir. 1994). See also, Greyson v. McKenna & Cuneo and EEOC, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision-making process. A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. See Mapother, Nevas, et al. v. Dep't of Justice, 3 F.3d 1533 (D.C. Cir. 1993).

DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(5) TO THE FOIA:

**-Activity Log, contains material indicating analysis and/or deliberation, or recommendation for case processing: various dates: 3 lines redacted from 1 page, 1 page total; 15 lines redacted from 1 page, 1 page total; 10 lines redacted from 1 page, 1 page total; 23 lines redacted from 2 pages, 2 pages total**
**-6 lines (Legal and/or Inv Notes/Memo) redacted from Charge Notes contains material indicating analysis and/or deliberation, or recommendation for case processing: various dates, 1 page total**

430-2024-002419

**-Recommendation for Closure containing deliberation and/or analysis; the redacted portions of the document consist of evidence, legal theories and selective facts whose release would reveal the investigator's pre-decisional thoughts and analysis regarding the charge: undated and unsigned, 2 columns and 18 lines redacted from 2 pages, 2 pages total**
**-Notes/Memorandums of Investigator containing analysis and/or deliberation; Internal notes and/or memos written by EEOC personnel regarding the processing of the charge file and may consist of evidence, legal theories and selective facts whose release would reveal the investigator's pre-decisional thoughts and analysis, various dates: 14 lines redacted from 1 page, 1 page total**

--------------------------------------------------------------------------------

**(b)(7)(A)**

Exemption (b)(7)(A) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(A) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:\n\nrecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings . . . .\n\nThe seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. General Electric Co. v. United States EPA, 18 F.Supp.2d 138, 143 (D. Mass. 1998). Premature disclosure of records compiled during an agency investigation will allow requester to know the possible nature, scope, direction, and limits of the investigation. J.P. Stevens & Co. v. Perry, 710 F. 2d 136, 143 (4th Cir. 1983); Hambarian v. Commissioner of IRS, No. CV 99-9000, 2000 WL 637347 (C.D. Cal. Feb. 16, 2000). Release of statements by witnesses creates the potential for witness intimidation that could deter their cooperation. National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978); Manna v. United States Dep't of Justice, 51 F.3d 1158, 1164 (3d Cir. 1995). Exemption 7(A) applies "until . . . all reasonably foreseeable administrative and judicial proceedings are concluded" Service Employees Int. Union, AFL-CIO v. GSA, No. 97 Civ. 8509, 1998 WL 726000 (S.D.N.Y. Oct. 15, 1998); Southern Baptist Hospital v. Equal Employment Opportunity Comm'n, 28 Empl. Prac. Dec. ¶ 32,585 at 24,642, 1982 WL 209 (E.D. La. 1982).

DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b) (7)(A):

**-Redacted or withheld records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information that could reasonably be expected to interfere with enforcement proceedings: Contains mediation, settlement and/or conciliation communications between only one of the parties to the charge that could interfere with enforcement proceedings: 1 line redacted from 1 page, 1 page total**

--------------------------------------------------------------------------------

**(b)(7)(C)**

Exemption (b)(7)(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:\n\nrecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .\n\nThe seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation

that could deter their cooperation. National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978); Manna v. United States Dep't. of Justice, 51 F.3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods." L&C Marine Transport, Ltd. v. United States, 740 F.2d 919, 923 (11th Cir. 1984).\n\nThe Supreme Court has explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct." United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).\n\nFor the purposes of determining what constitutes an unwarranted invasion of personal privacy under exemption (b)(7)(C), the term "personal privacy" only encompasses individuals, and does not extend to the privacy interests of corporations. FCC v. AT&T Inc., 131 S.Ct. 1177, 1178 (2011).

DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(7)(C):

**-Email Log, contains email activity associated with this charge that may contain information where the disclosure would invade personal privacy, various dates: 2 lines of personal information redacted from 1 page, 1 page total**

------------------------------------------------------------------------------------------------------------

For a full description of the exemption codes used please find them at the following URL:


This response was prepared by Francine Michaelson, CHARDO Records Disclosure Coordinator, who may be reached at Francine.Michaelson@EEOC.Gov or 980-296-1260.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other information before completing this form | EEOC | 430-2023-00531 |

|  |  and EEOC |
|---|---|
| *State or local Agency, if any* |  |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Cedric Jones | (704) 477-9693 |  |

Street Address

230 LONDON RD

LAWNDALE, NC 28090

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| WALMART DC 6070 | 501+ Employees | (704) 487-2500 |

Street Address

200 WAL MART DR

SHELBY, NC 28150

| Name | No. Employees, Members | Phone No |
|---|---|---|
|  |  |  |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
|  | Earliest | Latest |
| Race, Retaliation | 11/01/2021 | 08/12/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

March 11, 2019, I began employment with the named employer. From early on in my employment, a Caucasian coworker purposely used microaggressions to antagonize me. He also solicited his Caucasian friends to do the same. They would do things like stand in the aisle, not moving, as I tried to get by on a forklift. If one of them was on a forklift, they would continuously drive by real close to me without any warning. Over the years, I reported the harassment several times. However, on July 29, 2022, a manager prevented me from using the open-door policy to report the ongoing harassment. This resulted in the harassers becoming more aggressive and threatening the same day. A verbal altercation occurred. I was suspended without pay for two-weeks. I was discharged on August 12, 2022, as a result of the incident. The Caucasian coworker who made threats and was the aggressor was not discharged.

I was subjected to race, African American, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *[signature]* Date 2-09-2023  *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**From:**
**To:**
**Subject:**    2023-09-29, 430-2023-00531, EEOC Charge, Jones v. Walmart
**Date:**       Friday, September 29, 2023 12:32:00 PM

Mr. Jones,

On February 10, 2023, the subject EEOC Charge was filed.
The Commission has reviewed all information submitted pertaining to the allegations.

The Commission did not determine that the issues described pertained to race and/or retaliation based on race.
It is unlikely that further investigation will result in a violation of Title VII.
Therefore, the Commission is closing the relevant Charge and will issue you a dismissal notice of right to sue letter.
The letter affords you a 90-day period to file a private lawsuit that the Commission is not party to.
The letter will be uploaded to the online portal for your review.
The 90-day period for filing a private lawsuit cannot be extended or waived.

Best Wishes,

*Debbie M. Smith*
Federal Investigator
U.S. EEOC – Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

V. Relief "Attachment"

I, Cedric Jones, ask the court to order the Defendant to pay $250,000 for retaliation, wrongful termination, harassment through a hostile work environment. Damages that they have influenced individuals of my new current job to harass me the very particular way that was carrying on at my previous job (Walmart Distribution Center 6070). After finding out my new current employment. These current harassment incidents influenced the friends of Walmart current associates to harm me at my current job were were I'm currently suffering frostbite, placed on extreme restrictions to stay in the house and have been out of work healing while on worker's comp.

I, Cedric Jones, ask the court to order the Defendant to pay $250,000 for retaliation, wrongful termination, harassment through a hostile work environment. Damages that they have influenced individuals of my new current job to harass me the very particular way that was carrying on at my previous job (Walmart Distribution Center 6070). After finding out my new current employment. These current harassment incidents influenced the friends of Walmart current associates to harm me at my current job were were I'm currently suffering frostbite, placed on extreme restrictions to stay in the house and have been out of work healing while on worker's comp.